# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BETTY LEWIS-VAUGHANS** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:10CV37 LG-RHW** |
| | § | |
| **BATH & BODY WORKS, L.L.C.** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [17] filed by Defendant Bath & Body Works, LLC. The Plaintiff has not responded. After due consideration of the Motion and the relevant law, it is the Court's opinion that the Defendant has shown there is no question of material fact for the jury. Accordingly, the Motion will be granted and the Plaintiff's claims dismissed.

### FACTS

Plaintiff, Lewis-Vaughans testified that she was a frequent customer at the Bath & Body Works store in the Singing River Mall in Gautier, Mississippi. She alleges she injured her knee during a visit to the store in 2006 when she moved from one area of the check-out counter to another, hit her knee on a shelf attached to the counter, and fell to the floor. She testified that she did not see anything broken in the vicinity, there was nothing out of place or spilled on the floor, nor was any part of the shelf in disrepair. After the incident, she completed her purchase and left the store. She claims that Bath & Body Works' negligence caused her to fall and injure her knee.

### THE LEGAL STANDARD

Summary judgment is mandated against the party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). As noted above, Lewis-Vaughans has not submitted any argument or evidence in opposition to Bath & Body Works' Motion. Nevertheless, Bath & Body Works has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

## DISCUSSION

To prove negligence, a plaintiff must show, by a preponderance of the evidence: duty, breach of duty, proximate cause, and damages. *Skelton ex rel. Roden v. Twin Cnty. Rural Elec. Ass'n*, 611 So. 2d 931, 936 (Miss. 1992). The duty owed by a defendant to a plaintiff depends upon their relation to one another. *Id.* In this case, it is clear that Lewis-Vaughans was an invitee, as she was "a person who goes upon the property of another in answer to the express or implied invitation of the owner for their mutual benefit." *Id.* The duty owed by the landowner to an invitee is a duty of reasonable care for the invitee's safety. *Hall v. Cagle*, 773 So. 2d 928, 929 (¶5) (Miss. 2000). Thus, Bath & Body Works owed Lewis-Vaughans the "duty to keep the

premises reasonably safe, and when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view." *Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004) (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)).

It is well established that a business "owner or occupant is not an insurer against all injuries" of its invitees. *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss.1992) (citations omitted). Merely proving that the accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner or operator of the business was negligent. *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (¶ 6) (Miss. Ct. App. 2003) (citing *Sears Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)).

The evidence shows that Lewis-Vaughans hit her leg on a shelf which was fixed, immovable, and used to display merchandise to the public. According to the affidavits of Bath & Body Works employees, the shelf was part of the check-out counter at this store, and had been used to display merchandise in the same manner for years. Lewis-Vaughns testified that she was a frequent customer in the store. Both the store manager and the cashier on duty stated that they were not aware of anyone, either customer or employee, injuring themselves in the same manner as Lewis-Vaughns at any time prior to this date. The store manager inspected the shelf and found no defects or hazardous conditions. This evidence is uncontroverted.

Conditions normally encountered on business premises are generally not unreasonably dangerous. *Ware v. Frantz*, 87 F. Supp. 2d 643, 646 (S.D. Miss. 1999)

(citing *Tate v. So. Jitney Jungle Co.*, 650 So. 2d 1347, 1351 (Miss. 1995)).  There is no evidence that the shelf in question here was unreasonably dangerous, or that Lewis-Vaughans' injury was caused by a negligent act on the part of Bath & Body Works.  Accordingly, summary judgment in favor of the Defendant is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [17] filed by Defendant Bath & Body Works, LLC is **GRANTED**.  Plaintiff's claims against the Defendant are **DISMISSED** with prejudice.

**SO ORDERED AND ADJUDGED** this the 5th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE